UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>SOCORRO TRUJILLO-SILVA,<br><br>    Defendant. | NO. CR-11-2096-LRS-1<br><br>**ORDER GRANTING<br>SENTENCE REDUCTION** |

On October 16, 2015, this court entered an order (ECF No. 155), denying Defendant's Motion To Reduce Sentence Pursuant To 18 U.S.C.§ 3582(c)(2). That motion sought a reduction pursuant to Amendment 782 to the United States Sentencing Guidelines. Amendment 782, which went into effect on November 1, 2014, reduces by two the offense levels assigned in the Drug Quantity Table, U.S.S.G. § 2D1.1, resulting in lower guideline ranges for most drug trafficking offenses. The Amendment was given retroactive effect.

This court found Defendant was ineligible for a sentence reduction because his Fed. R. Crim. P. 11(c)(1)(C) Plea Agreement was not "based on" a guidelines sentencing range pursuant to the specific exceptions set forth in Justice Sotomayor's concurring opinion in *Freeman v. United States*, 564 U.S. 522, 131 S.Ct. 2685, 2697-98 (2011). The Ninth Circuit Court of Appeals previously held that Justice Sotomayor's opinion was controlling because it reached, on the "narrowest grounds," the conclusion that a sentence imposed pursuant to an

**ORDER GRANTING
SENTENCE REDUCTION-**        **1**

11(c)(1)(C) plea agreement does not preclude eligibility for §3582(c)(2) relief. *United States v. Austin*, 676 F.3d 924, 927-28 (9th Cir. 2012). On June 13, 2016 in an *en banc* opinion in *United States v. Davis*, ____ F.3d ____, 2016 WL 3245043 (9th Cir. 2016), the Ninth Circuit overruled *Austin*. It held that where no rationale common to a majority of Justices can be identified in a Supreme Court opinion, only the specific result is binding. *Id*. at *2. Therefore, the circuit adopted the Supreme Court's plurality approach in *Freeman* which holds that "[e]ven when a defendant enters into an 11(c)(1)(C) agreement, the judge's decision to accept the plea and impose the recommended sentence is likely to be based on the Guidelines; and when it is, the defendant should be eligible to seek §3582(c) relief." *Id*. quoting *Freeman*, 564 U.S. at 534.

    This court concludes that Defendant's 11(c)(1)(C) Plea Agreement is "based on the Guidelines" consistent with the plurality approach in *Freeman*. (See ECF No. 116 at Paragraph 10). Accordingly, the Defendant is eligible to seek §3582(c) relief based on Amendment 782 and this court therefore, *sua sponte* **RECONSIDERS** and **VACATES** it previous "Order Denying Motion To Reduce Sentence" (ECF No. 155).

    Defendant received an 84 months sentence based on a Total Offense Level of 29 which resulted in a guidelines range of 87-108 months based on a Criminal History Category of I. With a two level reduction, Defendant's Total Offense Level is now 27 and his new and amended guidelines range is 70-87 months. Considering the circumstances that led the court to impose a sentence below the previously applicable guidelines range of 87-108 months, and considering there is no indication that Defendant has received any disciplinary violations since his incarceration, the court exercises it discretion and hereby **REDUCES** Defendant's sentence from 84 months to 70 months, the low end of the new and amended

**ORDER GRANTING
SENTENCE REDUCTION-        2**

guidelines range.[1]  The court is mindful of the prohibition in U.S.S.G. § 1B1.10(b)(2)(C) that "[i]n no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served."  Accordingly, in the event that the reduced term of 70 months contravenes this prohibition, the Defendant's sentence is reduced to a term of imprisonment that is equal to the term of imprisonment the Defendant has already served and which will result in his immediate release.[2]

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this order and provide copies to counsel of record.

**DATED** this __10th__ day of August, 2016.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
Senior United States District Judge

---

[1] In general, the court is not authorized to reduce a sentence below the minimum of the amended guidelines range.  U.S.S.G. §1B1.10(b)(2)(A).

[2] The Federal Bureau of Prisons Inmate Locator (https://www.bop.gov/inmateloc) indicates Defendant is due to be released on September 25, 2017.

**ORDER GRANTING SENTENCE REDUCTION-**        3